REDMANN, Judge.
An employee of the New Orleans police department seeks reversal of the New Orleans Civil Service Commission’s determination that his four years’ military service, while away from his employment, is not in-cludible in five years’ special investigative experience required for a special investigator job classification. The special investigator classification would entitle the employee to a higher salary than the classification in which appellant had worked a year and a half when he entered the U. S. Navy. We ■affirm the commission’s ruling.
*636 Appellant argues federal law requires reversal. Disregarding other questions, we note appellant must rely first on 50 U.S.C. App. 459 subsec. (b), which provides reemployment rights. Paras. (A) and (B) thereof, relative to United States and private employers, declare mandatorily of the returning serviceman that “such person shall” be reemployed, etc. (emphasis added). But para. (C) of § 459 subsec. (b), relative to employment by any State or political subdivision thereof, recites only “it is declared to be the sense of the Congress that such person should” be reemployed, etc. (emphasis added).
A declaration of the “sense of Congress” may amount to an interpretation of the Congress’s statutory words, Diehl v. Lehigh Valley R. Co., 211 F.2d 95 (3 Cir. 1954), reversed (on other grounds) 348 U. S. 960, 75 S.Ct. 521, 99 L.Ed. 749. But, as to the States and their political subdivisions, we are shown no other congressional statutory words. Congress has said only that it feels the states ought to reemploy; Congress has not legislated that the states shall reemploy.
Moreover, where Congress has legislated beyond subsec. (b)’s basic requirement of restoration to the position vacated, it has restricted its legislation to cases of federal or private employment; see subsecs, (c), (d) and (e).
And finally, it may be questioned whether federal law requires that service time be treated for all purposes as time served in employment. See Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110 (1946).
The City Civil Service Commission has, by its Rule VIII, § 8.1, provided for restoration to employment of any regular or probationary employer to “the position which he vacated.” The employee here has been so restored. We know of no authority which requires that his military service should be treated as actual experience for purposes of determining whether he is qualified for a higher position than the one he vacated.
The ruling appealed from is affirmed.